UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MARQUISIA NELSON, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br>PLAINTIFF <br><br>v. <br><br>ASTRO JOHNNY WASTE MGT., LLC AND CHRISTOPHER STINE, II, INDIVIDUALLY, <br><br>DEFENDANTS | § § § § § § § § § § § § § § | <br><br><br><br><br><br><br>CIVIL ACTION NO. 6:22-cv-339 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Marquisia Nelson brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, Plaintiff would respectfully show as follows:

### I.  NATURE OF DEMAND

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Plaintiff and similarly situated employees in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay these employees at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek.

3. Marquisia Nelson, on behalf of herself and all other similarly situated portable toilet service technicians ("service technicians"), brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

4. For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay overtime premiums to their non-exempt service technicians for hours worked in excess of forty hours per workweek.

## II. PARTIES

5. Plaintiff Marquisia Nelson is an individual who resides in this judicial district. She was employed as a service technician by Defendants within the meaning of the FLSA. A copy of Ms. Nelson's consent to participate in this action is attached hereto as Exhibit A.

6. Defendant Astro Johnny Waste Mgt., LLC ("Astro Johnny") is a domestic limited liability company with its primary place of business in Cherokee County, Texas.

7. Astro Johnny was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

8. Astro Johnny can be served with process by serving its registered agent, Robert Hindman, at 5620 Old Bullard Road, Suite 105, Tyler Texas 75703.

9. Defendant Christopher Stine, II ("Stine") is an individual who is the President and co-owner of

Astro Johnny.

10. Stine was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

11. Stine can be served with process by serving him at 507 Frankston St., Jacksonville, Texas 75766.

12. At all times hereinafter mentioned, Stine has exercised managerial responsibilities and substantial control over Defendants' employees, including Nelson, and the terms and conditions of their employment.

13. Stine has the authority to, and has exercised his authority to hire, fire and direct Defendants' employees, including Nelson.

14. Stine has the authority to, and has exercised his authority to supervise and control the employment relationships and work schedules of Defendants' employees, including Nelson.

15. Stine has the authority to, and has exercised his authority to set and determine the rate and method of pay of Defendants' employees, including Nelson;

16. Stine has the authority to, and has exercised his authority to decide whether Nelson and other similarly situated service technicians receive overtime compensation.

17. Finally, Stine also kept business records for Defendants' employees, including Nelson.

### III.  JURISDICTION AND VENUE

18. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

19. The Court has personal jurisdiction over Defendants because they conduct business in Texas and have entered into relationships with Plaintiff in Texas and have committed actions in Texas that give rise to this cause of action.

20. Venue is proper in the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## IV. COVERAGE UNDER THE FLSA

21. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

22. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all times hereinafter mentioned, Astro Johnny has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all times hereinafter mentioned, Astro Johnny has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant Astro Johnny is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

25. At all times hereinafter mentioned, Defendants employed individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

26. Defendants are in the liquid waste removal business, providing portable toilet services in both East Texas, Dallas and Austin.

27. Plaintiff Marquisia Nelson was employed by Defendants to service its portable toilets.

28. Plaintiff and all other service technicians are paid on an hourly basis.

29. Plaintiff and all other service technicians consistently work more than forty hours per workweek.

30. Instead of being paid time and one-half for all hours worked over forty per workweek, Plaintiff and all other service technicians are only paid their standard hourly rate for all such hours.

31. Defendants have employed and are employing other individuals as portable toilet service technicians who were subjected to the same treatment as Plaintiff, in that they are not paid overtime premiums for any hours worked over forty per workweek.

32. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime premiums to Plaintiff and all other similarly situated service technicians.

## VI. COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff seeks conditional certification pursuant to 29 U.S.C. § 216(b) of the following class (the "FLSA Class Members"):

> **All current and former service technicians who were employed by Defendants for the past three years who were not paid at the rate of at least one-and-one-half of their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.**

34. Plaintiffs were subjected to the same pay provisions in that they were all paid hourly, but they were not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek.

35. Instead, they were paid straight time for all such hours.

36. Thus, the Class Members are owed unpaid overtime for the same reasons as Plaintiff, without regard to their individualized circumstances or their job duties.

37. Defendants' failure to compensate their employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of failing to pay overtime compensation to the FLSA Class Members in the manner described herein above. This policy or practice is and has been, at all relevant times, applicable to the Plaintiff and all FLSA Class Members. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Plaintiff also applied to all FLSA Class Members.

## VII. CAUSE OF ACTION

### FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

38. Plaintiff incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

39. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed.

40. Defendants have acted willfully in failing to pay Plaintiff and other similarly situated service technicians in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and on trial of this cause, judgment against Defendants, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b. For an Order awarding Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and the Texas common law; and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

        Respectfully Submitted,

        **WELMAKER LAW PLLC**
        409 N. Fredonia, Suite 118
        Longview, Texas 75601
        Tel: (512) 799-2048

    By:  */s/ Douglas B. Welmaker*
            Douglas B. Welmaker
            Texas State Bar No. 00788641
            doug@welmakerlaw.com


        **ATTORNEY FOR PLAINTIFF**